UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JENNESE MASSENGALE**, <br><br> Plaintiff, <br><br> vs. <br><br> **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, <br><br> Defendant. | 2:18-CV-11366-TGB <br><br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's motion for reconsideration (ECF No. 27) of the Court's order (ECF No. 25) denying Defendant's motion for summary judgment (ECF No. 10). Because Defendant has failed to identify a palpable defect in the Court's order (ECF No. 25), the motion for reconsideration (ECF No. 27) will be **DENIED**.

I.

Plaintiff Jennese Massengale sought treatment from a chiropractor (Spine Rehab) after getting in an auto accident. She assigned her insurance rights to cover the costs of treatment to the chiropractor. Later, Spine Rehab sued the insurance company (Defendant State Farm) in state court to recover the costs of treatment, but State Farm won the case,

1

the jury finding no injury. Separately, Massengale also brought a second state lawsuit against State Farm to recover for other medical costs she incurred for treatment for injuries related to the auto accident from providers other than Spine Rehab. State Farm removed that case, the instant action, to federal court then moved for summary judgment. State Farm contended that because it obtained a jury verdict and judgment of "no cause of action" in the prior state action brought by the chiropractor as Massengale's assignee, that result bars Massengale's claims in the instant case under the doctrines of res judicata and collateral estoppel. After full briefing and oral argument, this Court denied State Farm's motion for summary judgment, concluding that because Spine Rehab's ability to seek no-fault PIP benefits from State Farm on behalf of Massengale was strictly limited to the scope of the assignment between them, Massengale did not have a full and fair opportunity to litigate her claim for no-fault PIP benefits or a full and fair opportunity to litigate the issue of whether she was injured in the auto accident. State Farm timely moved for reconsideration of the Court's order, arguing that there was a palpable defect in the Order.

## II.

Under this Court's Local Rules, the Court may grant a motion for reconsideration if the movant satisfactorily shows that: (1) a palpable defect misled the parties and the Court; and (2) correcting the defect would result in a different disposition of the case. E.D. Mich. L.R.

7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* Additionally, "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

### III.

The thrust of State Farm's argument in seeking reconsideration is that the assignment relationship is "all or nothing," meaning that once a party assigns a right to seek no-fault PIP benefits, that privity exists between the assignee and assignor with respect to all injuries and all claims arising from that injury. In support, State Farm cites a 2004 Michigan Supreme Court case, *Monat v. State Farm*, where an injured party in an auto accident sued the other driver for negligence, and a jury found "no cause of action." 469 Mich. 679, 681, 677 N.W.2d 843 (2004). State Farm terminated benefits and the injured party then sued State Farm for no-fault PIP benefits. The Michigan Supreme Court determined that even though State Farm was not a party to the negligence case, State Farm could apply the doctrine of collateral estoppel to prevent the injured party from relitigating the issue of the injured party's injury because the

3

injured party had a full and fair opportunity to litigate that issue in the negligence case against the driver. *Id.* at 686. *Monat* is not on all fours with this case. There, the injured party brought the first suit. Here, a *medical provider* brought the underlying lawsuit that resulted in a "no cause of action" jury verdict, but now the *injured insured* party is bringing the subsequent lawsuit seeking no-fault PIP benefits.

State Farm also brings to the Court's attention a handful of unpublished Michigan Court of Appeals cases that it did not cite in its motion for summary judgment. *See* ECF No. 27, PageID.1090 (citing *VHS of Michigan, Inc. v. Everest Nat'l Ins. Co.*, No. 341190, 2019 WL 2062824 (Mich. Ct. App. May 9, 2019) (unpublished decision)); ECF No. 27, PageID.1091 (citing *Michigan Head & Spine Inst. PC v. State Farm Mut. Auto. Ins. Co.*, No. 324245, 2016 WL 299771 (Mich. Ct. App. Jan. 21, 2016) (unpublished decision)); ECF No. 27, PageID.1092 (citing *Garden City Rehab, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 320543, 2015 WL 3796373 (Mich. Ct. App. June 18, 2015) (unpublished decision)). As an initial matter, the Court notes that "to the extent that [Defendant's] motion attempts to offer new arguments, and cites to additional authority not contained in its prior briefs, such arguments are not properly presented on a motion for reconsideration. A motion for reconsideration is not an appropriate vehicle for raising new . . . arguments that were not included in the original motion." *Lucido v. Mueller*, 2009 WL 4800558, at *1 (E.D. Mich. Dec. 9, 2009) (citing *Sault Ste. Marie Tribe of Chippewa*

4

*Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998) (holding that a party is not permitted to raise new legal arguments on a motion for reconsideration that could have been raised earlier)). Further, like *Monat*, none of these res judicata cases cited by State Farm are on all fours with the instant case, where it is the *medical provider* that brings the initial suit, and the *injured* person brings the subsequent action.

For example, in *VHS of Michigan*[1], Ellis was injured in an auto accident. No. 341190, 2019 WL 2062824, at *1 (Mich. Ct. App. May 9, 2019). VHS (doing business as Detroit Medical Center, the hospital where Ellis was treated) sought reimbursement for the costs of Ellis's medical treatment from the alleged insurance company of the driver of the vehicle who struck Ellis. The insurance provider declined to pay, and VHS sued the insurance company, arguing it was entitled to reimbursement as a third-party beneficiary and pursuant to the various Consent to Treat forms that Ellis signed with Detroit Medical Center. The insurance company moved for summary disposition, arguing that after *Covenant*, VHS did not have standing to sue, contending the Consent to Treat forms were not valid assignments. The relevant portion of the order that State Farm cites states that:

---

[1] *VHS* is the only case State Farm cites that was decided after the Supreme Court issued its decision in *Covenant Medical Center Inc. v. State Farm Mutual Auto Insurance Company*, holding that healthcare providers do not possess independent standing to bring claims against insurers to recover no-fault PIP benefits. 895 N.W.2d 490, 493 (Mich. 2017). Rather, after *Covenant*, healthcare providers may proceed as an assignee of the insured to recover benefits from the insurer. *Id.* at 505 n.40.

5

> Because Ellis had a statutory claim to payment under the no-fault act, he had a cause of action for those benefits when the defendant insurers refused to pay.
>
> "Generally, all legitimate causes of action are assignable." *Grand Traverse Convention & Visitor's Bureau v. Park Place Motor Inn., Inc.*, 176 Mich. App. 445, 448; 440 N.W.2d 28 (1989). Our review of the no-fault act reveals nothing that indicates that the Legislature intended to prohibit an injured party from assigning his or her statutory right to payment of PIP benefits under the act. See *id.* at 448 (this Court's primary objective is to give effect to the intent of the Legislature). We note that such a prohibition would in fact be contrary to the no-fault act, MCL 500.3143 (prohibiting only assignments of future benefits), the general rule under Michigan law that "all legitimate causes of action are assignable," *Grand Traverse*, 176 Mich. App. at 448, and the holding of *Shah* (accrued claims for PIP benefits under a policy of no-fault insurance are freely assignable). See *Shah*, 324 Mich. App. at 200.
>
> We further conclude that the assignment of the right to payment under the no-fault act includes the assignment of the cause of action to recover payment. "[A]n assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed." *Prof. Rehab Assoc.*, 228 Mich. App. at 177. Thus, in this case, if Ellis was entitled to payment of benefits that were past or presently due under the no-fault act, and in fact assigned that right to plaintiff, then plaintiff, as assignee of Ellis' right to recover PIP benefits, possesses whatever rights Ellis had to recover the benefits.

*Id.* at *3-4. While *VHS* discusses the landscape of assignments after the *Covenant* decision, *VHS* does not resolve the question of whether an injured party should be precluded from litigating whether they were injured in an automobile accident where the initial suit was brought by an assignee medical provider rather than the injured party.

6

In *Michigan Head & Spine*, Garley was injured in an auto accident and afterwards obtained medical services from a number of providers including the plaintiff, Michigan Head & Spine. No. 324245, 2016 WL 299771, at *1 (Mich. Ct. App. Jan. 21, 2016). State Farm, the relevant insurance company, failed to pay all of Garley's medical bills, including bills to Michigan Head & Spine. Garley sued State Farm in state court under the No-Fault Act, the case was removed to federal court and ultimately a jury returned a verdict in favor of State Farm. The jury concluded Garley was injured but awarded him $0, determining State Farm owed him no additional money. Michigan Head & Spine was not a party to the action and Garley did not specifically request payment of Michigan Head & Spine bills. But it was "uncontested that [Michigan Head & Spine]'s treatment of Garley was considered during the federal action insofar as [Michigan Head & Spine's] medical records pertaining to Garley were introduced into evidence." Michigan Head & Spine then sued in state district court seeking payment of Garley's bills under the no-fault act. The Michigan Court of Appeals reasoned that Michigan Head & Spine's claim was barred by res judicata (claim preclusion) because Garley could have litigated Michigan Head & Spine's bills in his action but did not, meaning Michigan Head & Spine had a full and fair opportunity – via Garley – to litigate Michigan Head & Spine's bills. *Id.* at *2-4. While *Michigan Head & Spine* is certainly helpful to Defendant here, it is an unpublished decision. Further, Defendant failed to argue

7

this case's relevance in its motion for summary judgment. But most importantly, it is not squarely on all fours with the instant case, where the *medical provider*, not the injured party, brought the underlying lawsuit. While it is logical to reason that Garley had a full and fair opportunity to litigate all of his own injuries, including the costs of treatment incurred from Michigan Head and Spine, the reverse situation does create the same incentives, where the provider is suing only for its own costs, and the injured party is not present in the litigation seeking a full and fair consideration of all his injuries and claims. *Michigan Head & Spine* does not show that the Court's prior Order included a palpable defect.

Defendant also relies on *Garden City Rehab*, where the plaintiff Elchami was injured in an auto accident. No. 320543, 2015 WL 3796373, at *1 (Mich. Ct. App. June 18, 2015). He filed a lawsuit against State Farm in state court and after a bench trial, the court found that Elchami had recovered from his injuries and was not entitled to benefits from State Farm. State Farm attempted to use that judgment in Garden City Rehab's subsequent action against State Farm for no-fault PIP benefits, arguing collateral estoppel and res judicata. The state district court denied State Farm's motion for summary disposition and the circuit court affirmed. The Court of Appeals reversed. The court found that Garden City Rehab was in privity with Elchami for purposes of applying collateral estoppel and that because Garden City would have to prove

8

that the physical therapy services it provided to Elchami in 2012 were necessary for his care, that issue had already been decided in Elchami's trial, where the court found that Elchami's condition had improved and that no additional medical services were reasonably necessary. *Id.* at *3-4. Therefore, the district court in Elchami's trial had already decided an issue that was necessary to Garden City Rehab's recovery of no-fault benefits. Again, like *Michigan Head & Spine*, *Garden City* is a helpful case for State Farm here, but it is an unpublished disposition not cited in Defendant's motion for summary judgment and unlike the instant case, in *Garden City* the *injured party*, not the *medical provider* brought the underlying suit. This case does not demonstrate a palpable defect.

Following State Farm's filing of the motion for reconsideration, it brought to the Court's attention a recent disposition in Michigan state trial court. *Mobile MRI Staffing, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 19-176207-NF (Mich. Cir. Ct. Nov. 7, 2019) (Order Granting Defendant's Motion for Summary Disposition). One of Massengale's other medical providers (Mobile MRI Staffing, LLC) brought a claim for no-fault PIP benefits as an assignee of Massengale. In that case, State Farm moved for summary judgment, arguing that the Spine Rehab judgment of "no cause of action" barred Mobile MRI Staffing from arguing that Massengale was injured in the auto accident and from bringing a no-fault PIP benefit claim. Mobile MRI responded to State Farm with a short, 3-page motion asserting that "Michigan law is clear that res judicata in

9

actions brought by assignees do not operate to bar further claims against other assignees unless the original adjudication was rendered against the party in their individual capacity." (citing *Ward v. Detroit Auto. Inter-Insurance Exchange*, 320 N.W.2d 280 (Mich. Ct. App. 1982)). It argued that "if the patient had brought the action in their individual capacity and then tried to bring another action disguising himself/herself as an assignee to escape this rule, then res judicata could apply," but not so here. State Farm responded by arguing that Mobile MRI's position did not address issue preclusion and that Mobile MRI could still be precluded from litigating the issue of whether Massengale was injured in the auto accident because "the same parties had a full and fair opportunity to litigate the issue." The state trial court issued a two-page order granting summary disposition for State Farm "for the reasons stated on the record and in the Defendant's briefing." No other reasoning was provided. Not only is this decision not binding on this Court, it again raises the issue of whether the assignment relationship changes for purposes of res judicata where the initial lawsuit is *not* brought by the injured party-assignor.

Indeed, in a more recent Michigan Court of Appeals decision, the court gave credence to the argument that an initial suit brought by a *provider* rather than the insured might reach a different result. *See Medical Team Inc. v. Auto-Owners Ins. Co.*, No. 345449, 2020 WL 908486 at *5 (Mich. Ct. App. Feb. 25, 2020) ("[W]here a previous lawsuit *by the injured insured* resulted in a judgment that the injured insured

10

committed fraud in connection with a claim pursuant to an insurance policy and, as a result, lost legal entitlement to any claim of coverage under the policy, res judicata barred any attempt *by the medical provider* to relitigate that issue in its own separate lawsuit seeking reimbursement for services provided to the injured insured.") (citing *TCBI, P.C. v. State Farm Mut. Auto. Ins. Co.*, 289 Mich. App. 39, 41, 44, 795 N.W.2d 229 (2010)) (emphasis added).

In sum, the bulk of the caselaw upon which Defendant relies consists of nonbinding, unpublished dispositions from the Michigan Court of Appeals. *See* ECF No. 27, PageID.1090. The motion essentially reprises the arguments made in Defendants' written briefs and argues that the Court was incorrect to not accept the Defendant's position regarding the case. The Court has already carefully explained its reasons for concluding that Defendant was not entitled to summary judgment. Defendant's motion for reconsideration fails on the merits, as Defendant could have previously presented this authority when arguing in support of its motion for summary judgment. It did not. Moreover, all of the res judicata cases cited by Defendant are distinguishable from the instant case, where the *medical provider* brings the initial suit, and the *injured-insured* person brings the subsequent action. And several of these decisions preceded the Michigan Supreme Court's decision in *Covenant,* which altered the landscape of no-fault PIP insurance. Nor do these, or any of the new authorities cited by the Defendant offer any reason to

11

reconsider the Court's conclusion that Plaintiff did not have a full and fair opportunity to litigate in the Spine Rehab Trial.

## IV.

Accordingly, Defendant's Motion for Reconsideration is hereby **DENIED**.

DATED: September 24, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge