UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JENNESE MASSENGALE**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, <br><br> Defendant. | 2:18-cv-11366-TGB <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY THE COURT'S SUMMARY JUDGMENT ORDERS FOR IMMEDIATE APPEAL AND TO STAY PROCEEDINGS PENDING APPEAL** |

This action involves an important unresolved question of Michigan law. In its September 24, 2019 order, this Court denied Defendant's Motion for Summary Judgment after finding no privity for the purposes of res judicata or collateral estoppel between Plaintiff Jennese Massengale, as the injured-insured person, and Spine Rehab, her medical provider as to some of her injuries relating to a car accident. ECF No. 25. Because there was no privity, the Court held that Plaintiff did not have a full and fair opportunity to litigate against Defendant State Farm to recover for other medical costs she incurred even though Spine Rehab had initiated on Plaintiff's behalf a state court claim in which the jury determined that she did not sustain an "accidental bodily injury" under Michigan law. Now Defendant moves this Court to grant a certificate of appealability authorizing it to file an application for an immediate

interlocutory appeal of that ruling. Specifically, Defendant requests that this Court certify for appeal the question of "whether an injured party and her medical provider that receives a partial assignment of PIP benefits are in privity?" ECF No. 33, PageID.1587.

28 U.S.C. § 1292(b) provides that a district court "shall" certify an order for immediate interlocutory appeal when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion," and where permitting appeal would "materially advance the ultimate termination of the litigation." To obtain permission to appeal pursuant to § 1292(b), the Sixth Circuit has held that the petitioner must show that "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the ligation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir 1993).

Here, Defendant argues that it has met its burden. As to the first requirement, Defendant advances the notion that it is a pure question of law as to "whether the partial assignment of no-fault PIP benefits under Michigan law from an insured to a healthcare provider creates privity for purposes of res judicata and collateral estoppel." ECF No. 33, PageID.1591. Second, if the Sixth Circuit were to hold that either or both

2

of res judicata and collateral estoppel would bar Plaintiff's claims, then Defendant contends that this question is controlling under § 1292(b). *Id.* at PageID.1594. Third, a "substantial ground for difference of opinion respecting the correctness of the district court's decision" is raised here because Defendant provided notice and sent a subpoena for Plaintiff to appear in the state court suit and thus Plaintiff was afforded the "ability to fully and fairly litigate her interests." *Id.* at PageID.1596. Finally, Defendant argues that a decision by the Sixth Circuit answering the legal issues would be dispositive and a more efficient process such that an immediate appeal would "materially advance the ultimate termination of the litigation." *Id.* at PageID.1598 (citing *Vitols*, 984. F.2d 170).

The Court agrees. Because Michigan law has not addressed the specific question raised here, a question of law exists. Moreover, this question is "controlling" because it could "materially affect the outcome of litigation" as it directly affects Defendant's potential liability and Plaintiff's ability to recover for the remainder of her medical expenses. While the Court is persuaded that there is no privity for the purposes of res judicata and collateral estoppel between a medical provider and an injured-insured party who has assigned some of her rights to the former, it is arguable that under joinder rules, Plaintiff did have the ability to fully and fairly litigate her interest in Spine Rehab's state court suit. Finally, if the Sixth Circuit does find that there is privity under such

circumstances, Plaintiff's suit might be subject to dismissal. Thus, all requirements under § 1292(b) are satisfied. Defendant raises an issue warranting review and the Court therefore certifies this order for immediate interlocutory appeal.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Certify Summary Judgment Orders for Immediate Appeal is **GRANTED**. ECF No. 33.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** until the resolution of Defendant's interlocutory appeal to the Sixth Circuit Court of Appeals. ECF No. 33.

Nothing in this decision shall be considered a dismissal or disposition of this matter.

**SO ORDERED.**

Dated: November 17, 2020     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE